UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

| | |
|---|---|
| EUGENE SCALIA, Secretary of Labor,<br>United States Department of Labor, | :<br>:  **COMPLAINT**<br>: |
| Plaintiff,<br>v. | : Civil Action No.<br>: 20-cv-3237 |
| BROADWAY MART CORP., d/b/a Valero, d/b/a Gulf, d/b/a Sunoco Food Mart; LJR SINGH CORP., d/b/a Sunoco Food, d/b/a Conoco; B&J SINGH CORP., d/b/a Sunoco, d/b/a Gulf Quick Mart, d/b/a Discount Beer & Smoke Shop, d/b/a Family Wine and Liquor; JESSICA 2558, INC. d/b/a Valero; BRENDA 52 FOOD MART, INC. d/b/a Valero Foodmart; BACHAN SINGH, Individually and as Officer; and BRENDA SINGH, Individually and as Officer, | :<br>:<br>:<br>: |
| Defendants. | |

------------------------------------------------------------------

## INTRODUCTION

1. Plaintiff EUGENE SCALIA, Secretary of Labor, United States Department of Labor (the "Secretary"), by and through undersigned counsel, brings this action under section 16(c) and section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act" or "the FLSA"), alleging that Defendants violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act to recover back wages, liquidated damages, and to enjoin acts and practices which violate the provisions of the FLSA, and to obtain other appropriate relief.

2. As set forth below, Defendants operate eleven stores in Duchess, Orange and Ulster counties, the majority of which are convenience stores located on gas station properties. With few exceptions, Defendants' employees routinely worked dozens of overtime hours each week. However, despite employees' long hours of work, Defendants paid these employees a regular

1

straight-time hourly rate for all hours worked, without additional compensation for overtime hours. Moreover, Defendants have falsified records in an attempt to cover up the overtime violations. Further, Defendants BACHAN SINGH and LJR SINGH CORP. failed to pay at least one employee any wages for his last week of work, resulting in a failure to pay the minimum wage.

## JURISDICTION AND VENUE

3. Jurisdiction over this action is properly conferred upon this Court by section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred in this District, specifically in Ulster, Orange and Duchess counties.

## FACTUAL ALLEGATIONS

### THE PARTIES

#### *Plaintiff*

5. Plaintiff EUGENE SCALIA, Secretary of Labor, United States Department of Labor, is vested with authority to file suit to restrain violations of the FLSA and recover back wages and liquidated damages and is the proper plaintiff for this action.

#### *Corporate Defendants*

6. Defendants LJR SINGH CORP. d/b/a Sunoco Food, d/b/a Conoco; BROADWAY MART CORP. d/b/a Valero, d/b/a Gulf, d/b/a Sunoco Food Mart; B&J SINGH CORP. d/b/a Sunoco, d/b/a Gulf Quick Mark, d/b/a Discount Beer & Smoke Shop, d/b/a Family Wine & Liquor; JESSICA 2558, INC. d/b/a Valero; and BRENDA 52 FOOD MART, INC. d/b/a Valero Foodmart (collectively, the "Corporate Defendants") employ the store clerks that comprise the workforce at

eleven stores – nine convenience stores located on gas station properties and two specialty convenience stores – that operate in and around Newburgh, New York.

7. Defendant LJR SINGH CORP. is a domestic business corporation organized under the laws of the State of New York, having its principal office at 3600 Route 9W, Highland, New York 12528, within the jurisdiction of this Court.

8. Defendant LJR SINGH CORP. operates convenience stores located on gas station properties located at 3600 Route 9W, Highland, New York 12528 and 42 South Plank Road, Newburg, New York 12550, both within the jurisdiction of this court.

9. Defendant BROADWAY MART CORP. is domestic business corporation organized under the laws of the State of New York, having its principal office at 26 Hopeview Court, Newburgh, New York, 12550, within the jurisdiction of this Court.

10. Defendant BROADWAY MART CORP. operates convenience stores on gas station properties located at 828 Broadway, Newburgh, New York 12550; 68 Old Temple Rd., New Windsor, New York 12553; and 2215 Route 52, Pine Bush, New York 12566, all within the jurisdiction of the court.

11. Defendant B&J SINGH CORP. is a domestic business corporation organized under the laws of the State of New York, having its principal office at 26 Hopeview Court, Newburgh, New York, 12550, within the jurisdiction of this Court.

12. Defendant B&J SINGH CORP. owns and operates convenience stores on gas station properties located at 510 and 515 Broadway, Newburgh, NY 12550, as well as two specialty convenience stores located side by side at 779 Route 211 E, Middletown, NY 10941, all within the jurisdiction of this court.

13. Defendant JESSICA 2558, INC. is a domestic business corporation organized under the laws of the State of New York, having its principal office at 26 Hopeview Court, Newburgh, New York, 12550, within the jurisdiction of this Court.

14. Defendant JESSICA 2558, INC. d/b/a Valero owns and operates at least one convenience store located at 2558 South Ave., Wappingers Falls, NY 12590, within the jurisdiction of this court.

15. Defendant BRENDA 52 FOOD MART, INC. is a corporation organized under the laws of the State of New York, having its principal office at 26 Hopeview Court, Newburgh, New York, 12550, within the jurisdiction of this Court.

16. Defendant BRENDA 52 FOOD MART, INC. d/b/a Valero Foodmart owns and operates at least one convenience store located at 909 Route 52, Fishkill, NY 12524, within the jurisdiction of this court.

17. The Corporate Defendants have regulated the employment of all persons employed by them, acted directly and indirectly in the companies' interest in relation to the employees, and thus, are employers of the employees within the meaning of section 3(d) of the Act.

### *Individual Defendant Bachan Singh*

18. Defendant BACHAN SINGH resides at 26 Hopeview Court, Newburgh, New York, 12550, within the jurisdiction of this Court.

19. Defendant BACHAN SINGH is the sole owner of defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP. and JESSICA 2558, INC.

20. Defendant BACHAN SINGH is the President of defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP. and JESSICA 2558, INC.

21. Defendant BACHAN SINGH is in active control and management of defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2558, INC., BRENDA 52 FOOD MART, INC., and the stores they operate.

22. Defendant BACHAN SINGH oversees the stores owned and operated by defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

23. Defendant BACHAN SINGH has the authority to make hiring and firing decisions at defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP. and JESSICA 2558, INC.

24. On information and belief, BACHAN SINGH has the authority to make hiring and firing decisions at defendant BRENDA 52 FOOD MART, INC.

25. Defendant BACHAN SINGH makes hiring and firing decisions at defendants BROADWAY MART CORP., LJR SINGH CORP. and B&J SINGH CORP.

26. Defendant BACHAN SINGH has authority to supervise employees of defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP, and JESSICA 2558, INC.

27. On information and belief, BACHAN SINGH has the authority to supervise employees of defendant BRENDA 52 FOOD MART, INC.

28. Defendant BACHAN SINGH exercises his authority to supervise employees of defendants BROADWAY MART CORP., LJR SINGH CORP. and B&J SINGH CORP.

29. Defendant BACHAN SINGH has authority to discipline employees of defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., and JESSICA 2558, INC.

30. On information and belief defendant BACHAN SINGH has authority to discipline employees of defendant BRENDA 52 FOOD MART, INC.

31. Defendant BACHAN SINGH exercises his authority to discipline employees of defendants BROADWAY MART CORP., LJR SINGH CORP., and B&J SINGH CORP.

32. Defendant BACHAN SINGH has the authority to determine employee pay at defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., and JESSICA 2558, INC.

33. Upon information and belief defendant BACHAN SINGH has the authority to determine employee pay at defendant BRENDA 52 FOOD MART, INC.

34. Defendant BACHAN SINGH exercises his authority to determine employee pay at defendants BROADWAY MART CORP., LJR SINGH CORP. and B&J SINGH CORP.

35. Defendant BACHAN SINGH manages payroll at defendants BROADWAY MART CORP., LJR SINGH CORP. and B&J SINGH CORP.

36. Defendant BACHAN SINGH has authority to make work assignments for employees at defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

37. Defendant BACHAN SINGH exercises his authority to make work assignments to employees at defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

38. Defendant BACHAN SINGH has the authority to set employees' work schedules at defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

39. Defendant BACHAN SINGH exercises his authority to set employees' work schedules at defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

40. Defendant BACHAN SINGH regularly visits the stores owned and operated by defendants BROADWAY MART CORP., LJR SINGH CORP., and B&J SINGH CORP.

41. Defendant BACHAN SINGH has regulated the employment of all persons he has employed and has acted directly and indirectly in the interest of the Corporate Defendants and the stores they operate in relation to employees. Defendant BACHAN SINGH is thus an employer of the employees within the meaning of section 3(d) of the Act.

*Individual Defendant Brenda Singh*

42. Defendant BRENDA SINGH is married to defendant BACHAN SINGH.

43. Upon information and belief, Defendant BRENDA SINGH resides at 26 Hopeview Court, Newburgh, New York 12550.

44. Defendant BRENDA SINGH is the sole owner and officer of defendant BRENDA 52 FOOD MART, INC.

45. Defendant BRENDA SINGH is in active control and management of defendant JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC. and the stores they operate.

46. Defendant BRENDA SINGH oversees and regularly visits the two stores operated by defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

47. Defendant BRENDA SINGH has the authority to make hiring decisions at defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

48. Defendant BRENDA SINGH exercises her authority to make hiring decisions at defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

49. Defendant BRENDA SINGH has authority to supervise employees at defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

50. Defendant BRENDA SINGH exercises her authority to supervise employees at defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

51. Defendant BRENDA SINGH has authority to determine employee compensation at defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

52. Defendant BRENDA SINGH exercises her authority to determine employee compensation at defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

53. Defendant BRENDA SINGH manages payroll at defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

54. Defendant BRENDA SINGH has authority to set the work schedules for employees of defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC.

55. Defendant BRENDA SINGH exercises her authority to set the work schedules for employees at defendants JESSICA 2558 INC. and BRENDA 52 FOOD MART, INC.

56. Defendant BRENDA SINGH has regulated the employment of all persons she has employed and has acted directly and indirectly in the interest of defendants JESSICA 2558, INC. and BRENDA 52 FOOD MART, INC. and the stores they operate. Defendant BRENDA SINGH is thus an employer of the employees within the meaning of section 3(d) of the Act.

### DEFENDANTS ARE AN ENTERPRISE ENGAGED IN COMMERCE

57. The Corporate Defendants' business activities, as described herein, are related and performed through common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

58. The Corporate Defendants have common management and ownership by defendant

BACHAN SINGH, who is 100% owner of defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP. and JESSICA 2558, INC, and is in active management and control of defendant BRENDA 52 FOOD MART, INC., which is owned by his wife defendant BRENDA SINGH.

59. In pursuing this common business purpose, each Corporate Defendant engages in substantially similar, if not identical, business activities.

60. The Corporate Defendants engage in the business of operating convenience stores in and around Newburgh, New York, which sell items such as alcohol, cigarettes and candy, as well as gas, to members of the public in stores.

61. During the relevant period, from July 23, 2017 through approximately December 31, 2018 ("the relevant time period"), many of the Corporate Defendants' employees worked at more than one store, including stores operated by two or more of the Corporate Defendants, in the same workweek and pay period.

62. For example, during the relevant period more than one employee who worked most of the week for Defendant JESSICA 2558, INC. also worked part of the week for Defendant BRENDA 52 FOOD MART, INC.

63. During the relevant time period, some employees of Defendants were transferred from one Corporate Defendant to the other based on the needs of the Corporate Defendants at the time.

64. For example, after Defendant BRENDA 52 FOOD MART, INC. opened in 2018, Defendant BACHAN SINGH directed more than one employee who regularly worked at stores

operated by other Corporate Defendants to report to work at Defendant BRENDA 52 FOOD MART, INC.

65. Defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2588, INC. and BRENDA 52 FOOD MART, INC. use the same vendors.

66. Defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2588, INC. and BRENDA 52 FOOD MART, INC. use the same accountant.

67. Defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2588, INC. and BRENDA 52 FOOD MART, INC. use the same attorneys.

68. Defendant BACHAN SINGH represented Defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., JESSICA 2588, INC. and BRENDA 52 FOOD MART, INC. during meetings related to the Wage and Hour Division's investigations into the Corporate Defendants.

69. Defendants BROADWAY MART CORP., B&J SINGH CORP., JESSICA 2588, INC. and BRENDA 52 FOOD MART have the same corporate address, 26 Hopewell Court, Newburgh, New York 12550, which is also the address where Defendant BACHAN SINGH resides.

70. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 for the relevant time period covered by this complaint.

71. The Corporate Defendants each have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. These goods include but are not limited to gas and items for sale at convenience stores such as cigarettes, alcohol, candy and lottery tickets. Therefore, the employees are employed in an "enterprise

engaged in commerce or in the production of goods for commerce" within the meaning of section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

### **DEFENDANTS' PAY PRACTICES**

72. During the relevant time period, Defendants have employed employees as store clerks.

73. During the relevant time period, Defendants used similar pay practices to pay the store clerks at their stores.

74. Defendants' pay practices violated the Act in several ways.

#### Failure to Pay Overtime Premiums

75. During the relevant time period, most of Defendants' employees regularly worked more than 60 hours per week.

76. During the relevant time period, many of Defendants' employees regularly worked between 70 and 84 hours per week.

77. During the relevant period, Defendants paid each of their employees the same hourly wage without regard to the number of overtime hours they worked each week.

78. For instance, Defendants paid many of their employees between $8.00 and $10.50 per hour for all hours worked during the workweek.

79. Defendants did not pay their employees any additional premiums of one and one-half times their regular rate of pay for hours worked in excess of 40 in a workweek.

80. For example, during one workweek in September 2018, pay and time records show an employee worked 84 hours and was paid $10.00 per hour for all hours worked or $840.00. During another workweek in September 2018, those records show that the same employee worked 81.5 hours and was paid $10.00 for all hours worked or $815.00.

81. As a result, during the relevant time period, Defendants failed to pay their employees proper overtime when employees worked in excess of 40 hours per week as prescribed by section 7 of the FLSA.

## Failure to Pay Minimum Wages

82. During the relevant time period, defendants LJR SINGH CORP. and BACHAN SINGH failed to pay one employee any wages for his last week of work.

83. During the relevant time period, the employee worked approximately 12 hours per day.

84. By failing to pay one employee any wages for work performed his last week of work, defendants BACHAN SINGH and LJR SINGH CORP. failed to pay the applicable statutory minimum wages prescribed in section 6 of the Act.

### Defendants' Unlawful Recordkeeping Policies and Practices

85. During the relevant time period, Defendants did not make, keep, and preserve complete and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

86. More specifically, during the relevant time period, Defendants failed to keep complete and accurate records of, *inter alia*, store clerks' daily and weekly hours of work, or records of their regular or overtime rates of pay.

87. Defendants created handwritten payroll records designed to falsely suggest that Defendants complied with the overtime requirements of the Act.

88. Defendants' handwritten payroll records significantly understate the number of hours worked by most of their employees.

89. Defendants' handwritten payroll records also do not accurately reflect the total wages that Defendants paid their employees each week.

90. Defendants' handwritten payroll records further falsely record that Defendants' employees were paid overtime premiums for hours worked over 40 in a single workweek.

### Defendants' Practices Have Been Willful

91. As described herein, Defendants' actions have been willful.

92. Defendants have been aware of the overtime, minimum wage and recordkeeping requirements of the Act since at least 2017.

93. In previous investigations conducted in 2017, the Wage and Hour Division of the United States Department of Labor ("WHD") investigated defendants BACHAN SINGH, BRENDA SINGH, BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., and JESSICA 2558, INC. ("WHD's 2017 Investigations").

94. During WHD's 2017 Investigations, defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., and JESSICA 2558, INC. were owned by defendant BACHAN SINGH.

95. During WHD's 2017 Investigations, WHD concluded that Defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., and JESSICA 2558, INC. paid their employees a fixed straight time hourly rate for all hours worked without the requisite overtime premiums.

96. During WHD's 2017 Investigations, WHD also determined that defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., and JESSICA 2558, INC. failed to maintain proper records.

97. As a result of WHD's 2017 Investigations, defendants BROADWAY MART CORP., LJR SINGH CORP., B&J SINGH CORP., and JESSICA 2558, INC. agreed to pay more than $180,000 in back wages to resolve WHD's 2017 Investigations.

98. During WHD's 2017 Investigations, WHD provided defendant BACHAN SINGH with publications about the FLSA's requirements on at least two occasions.

99. During WHD's 2017 Investigations, defendant BRENDA SINGH had operational control over defendant JESSICA 2558 INC. and as such, would have learned of her duty to comply with the FLSA.

## FIRST CAUSE OF ACTION

**Violation of Sections 6(a) and 15(a)(2) of the FLSA, Failure to Pay Minimum Wage**

100. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 99 of the complaint.

101. By failing to pay one employee any wages for his last week of work, Defendants BACHAN SINGH and LJR SINGH CORP. willfully violated the provisions of sections 6 and 15(a)(2) of the Act. Through their unlawful practices, Defendants BACHAN SINGH and LJR SINGH CORP. willfully paid this store clerk employed in an enterprise engaged in commerce or in the production of goods for commerce at a rate less than the applicable statutory minimum wage prescribed in section 6 of the Act.

102. Accordingly, Defendants BACHAN SINGH and LJR SINGH CORP. are liable for any unpaid minimum wages and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on said unpaid minimum wages under section 17 of the Act.

## SECOND CAUSE OF ACTION

### Violation of Sections 7(a) and 15(a)(2) of the FLSA, Failure to Pay Overtime

103. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 99 of the complaint.

104. Defendants in many workweeks have willfully violated the provisions of sections 7 and 15(a)(2) of the Act by employing their store clerks in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed.

105. Therefore, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under section 17 of the Act.

## THIRD CAUSE OF ACTION

### Violation of Sections 11(c) and 15(a)(5) of the FLSA

106. The Secretary incorporates by reference and re-alleges the allegations in paragraphs 1 to 99 of the complaint.

107. Defendants have willfully violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that these Defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make and maintain adequate and accurate records of, *inter alia*, their employees' actual daily and weekly hours of work, and regular and overtime rates of pay.

**WHEREFORE**, cause having been shown, Plaintiff respectfully prays for judgment against Defendants providing the following relief:

1. An injunction issued pursuant to section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act;

2. An order pursuant to section 16(c) of the Act finding Defendants liable for unpaid minimum wage and overtime compensation found due Defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages; or

3. In the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wage and overtime compensation found due Defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

4. An order compelling Defendants to reimburse the Secretary for the costs of this action; and

5. An order granting such other relief as the Court may deem necessary or appropriate.

DATED:    April 24, 2020
               New York, New York

                                            KATE S. O'SCANNLAIN
                                            Solicitor of Labor

                                            JEFFREY S. ROGOFF
                                            Regional Solicitor

        s/ *Allison L. Bowles*
        ALLISON L. BOWLES
        Senior Trial Attorney

        U.S. Department of Labor,
        *Attorneys for Plaintiff Secretary of Labor*

        U.S. Department of Labor
        Office of the Regional Solicitor
        201 Varick Street, Room 983
        New York, NY 10014
        (646) 264-3658
        (646) 264-3660 (fax)
        bowles.allison@dol.gov
        NY-SOL-ECF@dol.gov
        Secretary of Labor, Plaintiff

**EXHIBIT A**

|     | **FIRST & LAST NAME** |
| --- | --- |
| 1.  | Don Adikarige |
| 2.  | Aravinda Nath Akuratiya Ge |
| 3.  | Upali Anada Hapuarachige |
| 4.  | Joanne Apelles |
| 5.  | Manojkumar Ari |
| 6.  | Chanaka Danthanarayana |
| 7.  | Sreeni Doe |
| 8.  | Vishal Doe |
| 9.  | Melissa Doolan |
| 10. | Viraj Gani Achchige |
| 11. | Ranjith Hewagama |
| 12. | Gamini Ilandaridewa |
| 13. | Rajapaksh Withanamalage Jayanth Ashoka |
| 14. | Rupinder Kaur |
| 15. | Kalana Krishan |
| 16. | Rahul Kumar |
| 17. | Rajat Kumar |
| 18. | Sujeewa Lekamalage |
| 19. | Lakshija Majunkajuwa |
| 20. | Juan Pablo Arenas |
| 21. | Harischandra Pahalawattage |

| | |
|---|---|
| 22. | Boddkia Pathkanucolle Cedara |
| 23. | Kumar Ramesh |
| 24. | Sameera Sandun |
| 25. | Samara Sinhege Saranga Shamal |
| 26. | Amarjit Singh |
| 27. | Balwinder Singh |
| 28. | Davinder Singh |
| 29. | Gagan Deep Singh |
| 30. | Harpal Singh |
| 31. | Harpreet Singh |
| 32. | Inder Singh |
| 33. | Karanjit Singh |
| 34. | Lovepreet Singh |
| 35. | Ranjeet Singh |
| 36. | Ravinder Singh |
| 37. | Suhkdev Singh |
| 38. | Suhkwinder Singh |
| 39. | Sukhchain Singh |
| 40. | Surinder Singh |
| 41. | Buddika Sooliyapperuma |
| 42. | Pa Udaya Anlisha |
| 43. | Ingrid Uguarte |
| 44. | Luis Vasquez |
| 45. | Jeewan Yaddehi Arachchige |