UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------

EUGENE SCALIA, Secretary of Labor,
United States Department of Labor,

                         Plaintiff,

       v.

BROADWAY MART CORP., d/b/a Valero, d/b/a
Gulf, d/b/a Sunoco Food Mart; LJR SINGH CORP.,
d/b/a Sunoco Food, d/b/a Conoco; B&J SINGH
CORP., d/b/a Sunoco, d/b/a Gulf Quick Mart, d/b/a
Discount Beer & Smoke Shop, d/b/a Family Wine and
Liquor; JESSICA 2558, INC., d/b/a Valero; BRENDA
52 FOOD MART, INC., d/b/a Valero Foodmart;
BACHAN SINGH, Individually and as Officer; and
BRENDA SINGH, Individually and as Officer,

                   Defendants.

Civil Action No.
20-cv-3237 ( NSR /PED)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 5/1/2020

-------------------------------------------------------

## CONSENT JUDGMENT

       Plaintiff, EUGENE SCALIA, Secretary of Labor ("Plaintiff"), United States Department

of Labor, has filed his complaint and defendants BROADWAY MART CORP., LJR SINGH

CORP., B&J SINGH CORP, JESSICA 2558, INC., BRENDA 52 FOOD MART, INC., (the

"Corporate Defendants") and BACHAN SINGH and BRENDA SINGH, Individually and as

Officers (Corporate Defendants and individual defendants together, "Defendants") have appeared

by counsel, waive their answer, and agree to entry of this Consent Judgment in full settlement of

the claims which have been made or asserted in this action.

       Defendants acknowledge that they have notice of, and understand, the provisions of this

Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment, and

acknowledge that they may be subject to sanctions in contempt of this Court and may be subject

to punitive damages if they fail to comply with the provisions of this Consent Judgment.

1

1.      The Secretary's complaint alleges that Defendants willfully violated sections 6, 7, and 11(c) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) (the "Act" or "FLSA") by failing to pay their employees overtime wages, and, in one instance, wages below the federal minimum wage, and failing to make, keep, and preserve adequate and accurate records.

2.      Defendants agree that, during the relevant time, they were a covered enterprise under sections 3(r) and 3(s) of the Act and that the provisions of the Act applied to Defendants.

3.      Defendants Bachan Singh and Brenda Singh agree that, during the relevant time, they were employers under section 3(d) of the Act and that the provisions of the Act applied to them.

4.      Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Consent Judgment and that this Court is the most appropriate venue for any enforcement action that may be required as a result of this Consent Judgment.

5.      Plaintiff alleges that Defendants violated certain provisions of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. Section 201 et seq.) (the "Act" or the "FLSA"). Specifically, Plaintiff alleges that Defendants' employees routinely worked in excess of 40 hours per week as convenience store clerks. Plaintiff further alleges that:

(1)      at least between July 27, 2017 and December 31, 2018, Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by paying their employees straight time without regard to hours worked and including for hours over 40 worked in a workweek; and

(2)      on or about the first week of April 2018, Defendants violated the provisions of Sections 6 and 15(a)(2) of the Act by not paying any wages to one of their employees for any

hours worked, which resulted in payment of wages at a rate less than the applicable federal minimum wage of $7.25 per hour for each hour worked; and

(3)     at least between July 27, 2017 and December 31, 2018, Defendants did not make, keep and preserve accurate or complete records of all wages, hours, and other conditions and practices of employment maintained by them as required by Sections 11(c) and 15(a)(5) of the Act, and as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to Section 11(c) of the Act.

It is, therefore, upon motion of the attorneys for Plaintiff and for good cause shown ORDERED that:

I.     Defendants, their officers, employees, agents, and all persons acting or claiming to act on and in Defendants' behalf and interest, be, and hereby are, permanently enjoined and restrained from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, in any of the following manners:

(1)     Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which may in the future become, applicable under Section 6 of the Act.

(2)     Defendants shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the employees receive compensation for their employment in excess of the

3

prescribed hours at rates not less than one and one-half times the employees' regular rates.

(3)  Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Sections 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

(4)  Defendants shall not discharge or take any retaliatory action against any employee because the employee engages in, or is believed to have engaged in, any of the following activities:

(a)  Discloses, protests, or threatens to disclose or protest to a supervisor or to a public agency any activity, policy, or practice of Defendants, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act;

(b)  Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the Act, or a rule or regulation promulgated pursuant to the Act, by Defendants or another employer with whom there is a business relationship; or

(c)  Objects to, or refuses to participate in any activity, policy or practice of Defendants or another employer with whom there is a business relationship that the employee reasonably believes is in violation of the Act or a rule or regulation promulgated pursuant to the Act.

(5)    Defendants, along with their officers, agents, and managers, shall not tell any of their employees not to speak to representatives of the U.S. Department of Labor, or tell any of their employees to provide untruthful information to the U.S. Department of Labor regarding the terms or conditions of their employment, or otherwise obstruct or interfere with any investigative activities of the U.S. Department of Labor.

II.    Upon the parties' agreement that unpaid minimum wage and overtime back wages are owed and shall be paid to the current and former employees listed in Exhibit A, which is attached hereto, in the amount of **$185,719.87**, plus an equal additional amount of liquidated damages of **$185,719.87**, and civil money penalties pursuant to section 16(e) of the Act in the amount of **$28,861.44**, for a total amount of **$400,301.18**, plus post-judgment interest calculated at the Current Value of Funds Rate pursuant to Public Law 95-147, 91 Stat. 1227 (October 28, 1977), which is currently 2% per annum, it is:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$185,719.87** in unpaid minimum wage and overtime back wages owed to their current and former employees in the amounts listed opposite their names on Exhibit A. It is further ORDERED that Defendants shall pay a total of **$185,719.87** in liquidated damages to their current and former employees in the amounts listed opposite their names on Exhibit A, plus post-judgment interest. Defendants shall also pay **$28,861.44** in civil money penalties to the Secretary. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

III.     The provisions of this Consent Judgement relative to payment of back wages and liquidated damages and civil money penalties shall be deemed satisfied when Defendants fully comply with the terms of payment set forth below.  Payment shall be made as set forth below:

(1) Payment of the monies owed shall be made beginning with a down payment of $185,719.87 in liquidated damages and $119,280.13 in back wages (for a total of **$305,000.00**), which must be received by the U.S. Department of Labor within 20 days of the entry of this Consent Judgment.

(2) The remaining balance of **$95,301.18**, plus post-judgment interest calculated at 2% annum, shall be made in seven separate installments following entry of this Consent Judgment and in accordance with the amounts, due dates, and specifications set forth in Exhibit B.

(3) Defendants shall make the payments specified in Paragraph III.1-2 by completing fully either the procedures set forth in subparagraph (a)-(b) below (for electronic payments via www.pay.gov) or subparagraph (c) below (for payments by cashier/certified check):

  a.  For electronic payments of "Back Wages" and "Liquidated Damages" in accordance with the amounts, due dates, and specifications set forth in Exhibit B, by ACH transfer, credit card, debit card, or digit wallet, go to http://pay.gov/public/form/start/77689032, and then:

    1.  Select "Continue to the Form" and complete the required fields.

    2.  The "BW Case Number" are Case No. 1863994.

    3.  The "Date of Assessment" is the date of the Order.

  b.  For electronic payment of the "Civil Money Penalty" in accordance with the

6

amounts, due dates, and specifications set forth in Exhibit B, by ACH transfer, credit card, debit card, or digital wallet, go to https://www.pay.gov/public/form/start/77734139, and then:

1. Select "Continue to the Form" and complete the required fields.

2. The "CMP Case Number" are Case No. 1863994.

3. The "Act" is FLSA.

4. The "Date of Assessment" is the date of the Order.

c. For payments of "Back Wages," "Liquidated Damages" and "Civil Money Penalties" by cashier or certified check, in accordance with the amounts, due dates, and specifications set forth in Exhibit B:

   i. All payment(s) shall be in separate cashier or certified checks made payable to "Wage and Hour Division - Labor" with "Case No. 1863994 – **All Cases**" written on the face of each check, and, in accordance with the amounts and allocations set forth in Exhibit B: (a) "Back Wages" written on the face of the check designated as back wages (including interest); (b) "Liquidated Damages" written on the face of each check designated as liquidated damages (including interest); and (c) "Civil Money Penalties" written on the face of each check designated as civil money penalties.

   ii. Defendants shall send all checks to:

> U.S. Department of Labor, Wage and Hour Division
> The Curtis Center, Suite 850 West
> 170 S. Independence Mall West
> Philadelphia, PA 19106-3317
> Attn: Linda Estacio

7

      iii. Defendants shall simultaneously send a copy of each check and cover letter to:

> U.S. Department of Labor, Wage and Hour Division
> Hudson Valley Area Office
> 140 Grand Street, Suite 304
> White Plains, NY 10601
> Attn: Denise Fernandez, Assistant District Director

IV.      Plaintiff shall distribute Defendants' back wage and liquidated damages payments, including interest and less any legal deductions, to the current and former employees, or to their estates, as set forth in Exhibit A. Any amounts of unpaid compensation and liquidated damages not distributed to the employees or to their personal representatives or estates within a period of three years, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited in the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. § 216(c). Defendants remain responsible for the employer's share of any applicable employment taxes on the back wages due.

V.      Within 30 calendar days of the date of entry of this Consent Judgment, Defendants shall provide to Plaintiff the social security numbers, if such is available, last known telephone numbers, email addresses and last known mailing addresses of each current and former employee named in Exhibit A, to the extent such are available to Defendants.

VI.      Defendants, and anyone acting on their behalf, shall not in any way directly or indirectly demand, require or accept any of the back wages or liquidated damages from any person listed in Exhibit A or from their personal representatives or estates. Defendants, and anyone acting on their behalf, shall not threaten or imply that adverse action will be taken against any person because of his or her receipt of funds due under the provisions of this Consent Judgment or the Act. Violation of this Paragraph VI may subject Defendants to equitable and legal damages,

8

including punitive damages and civil contempt.

VII.     If Defendants fail to make the payments as set forth in Paragraph III, a seven calendar-day grace period shall be allowed for receipt of such payment. If the U.S. Department of Labor does not receive the payments by the eighth calendar day after which they are due, the U.S. Department of Labor's representatives will notify Defendants through their attorney, Jennifer Echevarria, by email at echevarrialaw@optimum.net. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorney. If the U.S. Department of Labor does not receive payment within 10 days of notifying Defendants' attorney of an overdue payment, then the total amount due under this Judgment of $400,301.18, plus post-judgment interest, less any amounts already received by the Secretary pursuant to this Judgment, shall become due immediately and the Court shall appoint a Receiver to effectuate all of the terms of this Consent Judgment. If a Receiver is appointed:

(1)     Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information that the Receiver may require to carry out its appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

(2)     All the expenses of the accountant or Receiver shall be borne solely by Defendants.

(3)     If the Court appoints a Receiver, the Receiver shall serve until the full payment of the monetary terms of this Consent Judgment are satisfied.

(4)     The Receiver shall have full authority to collect Defendants' assets and report his/her findings to the Court and the parties; redeem and/or liquidate Defendants' assets and turn over the proceeds to Plaintiff; if the asset is a debt that is due, collect it and turn over the proceeds to Plaintiff; analyze all indebtedness and where deemed appropriate seek restructuring; analyze all

transfers of Defendants' assets; prevent waste or fraud; and do all acts and take all measures necessary or proper for the efficient performance of Defendants' duties under this Consent Judgment.

VIII.   ORDERED that Defendants shall post the FLSA flyers listed in Paragraph IX below, and attached hereto as Exhibits D and E, as well as the attached Exhibit C (in English, Hindi, Punjabi and Sinhalese). Defendants shall post Exhibits C, D and E, within 30 calendar days of the date of entry of this Consent Judgment. Defendants shall display the flyers and Exhibit C (in English, Hindi, Punjabi and Sinhalese) at each of the stores owned and/or operated by the Corporate Defendants and shall permanently maintain them, or any updated versions of Exhibits D and E, in at least one conspicuous place in each store.

IX.   ORDERED that Defendants shall distribute a copy of the flyers entitled "Employee Rights Under the Fair Labor Standards Act" (Exhibit D) and "Fact Sheet #23: Overtime Pay Requirements of the FLSA," (Exhibit E) as issued and updated by the U.S. Department of Labor. Defendants shall distribute the copies attached as Exhibits D and E hereto to each current employee within 30 calendar days of the date of entry of this Consent Judgment. Thereafter, Defendants shall provide the current version of the flyers attached as Exhibits D and E hereto to any new employee who is hired within one year of the entry of this Consent Judgment, at the time of hire.

X.   ORDERED that Defendants shall distribute a copy of the attached Exhibit C in English, Hindi, Punjabi and Sinhalese to each current employee within 20 calendar days of the date of entry of this Consent Judgment.

XI.   ORDERED that Defendants shall implement the following provisions to ensure their compliance with the Act:

     a.  Defendants shall install automated timekeeping systems or other FLSA-

compliant timekeeping systems in each of Defendants' stores and utilize such systems for all employees, whether part-time, full-time, or temporary, to accurately reflect the time each employee begins and finishes the workday and any breaks taken by each employee.

b. Defendants shall complete the installation of the automated timekeeping systems referred to in paragraph XI(a) within six months from the entry of this Consent Judgment.

c. Defendants shall treat all employee breaks as compensable hours worked, unless the break is more than 20 minutes in duration and the employee is completely relieved from work duty during the break.

d. Defendants shall total all the hours worked (whether at the same location or more than one location) by any of their employees at one or more stores in that workweek.

e. Defendants shall not edit or alter employees' hours worked in their timekeeping systems in any way that does not accurately reflect employees' actual hours worked.

f. Defendants shall pay wages to non-exempt employees based on the actual hours that employees worked during each applicable pay period.

g. Defendants shall make and maintain records of total daily or weekly straight time earning or wages due for hours worked during the workday or work week, exclusive of premium overtime compensation; total premium pay for overtime hours; and total wages paid, regardless of the form of compensation, in accordance with 29 C.F.R. § 516.2.

11

XII.   Defendants shall provide each employee with a statement of every payment of wages, regardless of the form of compensation, listing the dates of work covered by that payment of wages; rate or rates of pay and basis thereof; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees not exempt from overtime compensation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked.

XIII.   Defendants shall comply with the regulations found at 29 C.F.R. Part 541 when classifying any employee as exempt from the overtime compensation requirements of the Act pursuant to the exemptions set forth in Section 13(a)(1) of the Act.

XIV.   For any store that Defendant Bachan Singh or Defendant Brenda Singh owns or operates or any business entity that functions as part of an "enterprise" together with any of Defendants, as defined by Section 3(r) of the Act, Defendants will notify all such business entities within the enterprise of the non-monetary injunctive provisions contained in Paragraph I of this Consent Judgment, including Paragraph I(1) through I(5), and agree to be bound by such provisions.

XV.   Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of Defendants not listed in Exhibit A of this Consent Judgment, be they current or former employees, to file any action against any of Defendants under Section 16(b) of the Act, or likewise for any current or former employee listed in Exhibit A of this Consent Judgment to file any action

12

against any of Defendants under Section 16(b) of the Act for any violations alleged to have occurred after December 31, 2018.

XVI.    Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XVII.   The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED:      May 1          , 2020
                  WHITE PLAINS, NY

SO ORDERED:

HONORABLE NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

Defendants have appeared by the undersigned counsel and hereby consent to the entry of this Consent Judgment.

**BROADWAY MART CORP.**

By:
_____
BACHAN SINGH
Owner

DATE:   4/14/2020

**LJR SINGH CORP.**

By:
_____
BACHAN SINGH
Owner

DATE:   4/14/2020

13

**B&J SINGH CORP.**

By: _Bachan Singh_                              DATE: _4/14/2020_
BACHAN SINGH
Owner

**JESSICA 2558, INC.**

By: _Bachan Singh_                              DATE: _4/14/2020_
BACHAN SINGH
Owner

**BRENDA 52 FOOD MART, INC.**

By: _Brenda Singh_                              DATE: _4/14/20_
BRENDA SINGH
Owner

_Bachan Singh_                                  DATE: _4/14/2020_
BACHAN SINGH, Individually

_Brenda Singh_                                  DATE: _4/14/20_
BRENDA SINGH, Individually

_Jennifer Echevarria_                           DATE: _4/19/2020_
JENNIFER ECHEVARRIA
P.O. Box 1053
Warwick, New York 10990
echevarrialaw@optimum.net
_Attorney for Defendants_

14

STATE OF New York )
                           :SS:
COUNTY OF Orange )

On the 14 day of April 2020 before me came **BACHAN SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **BROADWAY MART CORP.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

NOTARY PUBLIC

JACQUELINE CRAIG
Notary Public - State of New York
No. 01CR6356787
Qualified in Orange County
My Commission Expires April 3, 20 21

STATE OF New York )
                           :SS:
COUNTY OF Orange )

On the 14 day of April 2020 before me came **BACHAN SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **LJR SINGH CORP.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

NOTARY PUBLIC

JACQUELINE CRAIG
Notary Public - State of New York
No. 01CR6356787
Qualified in Orange County
My Commission Expires April 3, 20 21

STATE OF New York )
                           :SS:
COUNTY OF Orange )

On the 14 day of April 2020 before me came **BACHAN SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **B&J SINGH CORP.**, described in and which executed the foregoing instrument, that he signed his name thereto by like order.

15

_(signature)_
NOTARY PUBLIC

**JACQUELINE CRAIG**
Notary Public - State of New York
No. 01CR6356787
Qualified in Orange County
My Commission Expires April 3, 20 21

STATE OF New York )
                                   :SS:
COUNTY OF Orange )

On the 14 day of April 2020 before me came **BACHAN SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **JESSICA 2558, INC.,** described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_(signature)_
NOTARY PUBLIC

**JACQUELINE CRAIG**
Notary Public - State of New York
No. 01CR6356787
Qualified in Orange County
My Commission Expires April 3, 20 21

STATE OF New York )
                                   :SS:
COUNTY OF Orange )

On the 14 day of April 2020 before me came **BRENDA SINGH**, to me known, who, being by me duly sworn, did depose and say that he is a duly authorized officer of **52 BRENDA FOOD MART. INC.,** described in and which executed the foregoing instrument, that he signed his name thereto by like order.

_(signature)_
NOTARY PUBLIC

**JACQUELINE CRAIG**
Notary Public - State of New York
No. 01CR6356787
Qualified in Orange County
My Commission Expires April 3, 20 21

16

STATE OF New York )
                              :SS:
COUNTY OF Orange )

On the 14 day of April 2020 before me came **BACHAN SINGH**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

**JACQUELINE CRAIG**
Notary Public - State of New York
No. 01CR6356787
Qualified in Orange County
My Commission Expires April 3, 20 21

STATE OF New York )
                              :SS:
COUNTY OF Orange )

On the 14 day of April 2020 before me came **BRENDA SINGH**, to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

**JACQUELINE CRAIG**
Notary Public - State of New York
No. 01CR6356787
Qualified in Orange County
My Commission Expires April 3, 20 21

## EXHIBIT A
**Back Wages and Liquidated Damages**

| | Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|---|
| 1. | Don Adikarige | $ 1,316.70 | $ 1,316.70 | $ 2,633.40 |
| 2. | Aravinda Nath Akuratiya Ge | $ 1,739.33 | $ 1,739.33 | $ 3,478.66 |
| 3. | Upali Anada Hapuarachige | $ 7,798.44 | $ 7,798.44 | $ 15,596.88 |
| 4. | Joanne Apelles | $ 107.33 | $ 107.33 | $ 214.66 |
| 5. | Manojkumar Ari | $ 4,674.81 | $ 4,674.81 | $ 9,349.62 |
| 6. | Chanaka Danthanarayana | $ 939.61 | $ 939.61 | $ 1,879.22 |
| 7. | Sreeni Doe | $ 1,395.26 | $ 1,395.26 | $ 2,790.52 |
| 8. | Vishal Doe | $ 530.00 | $ 530.00 | $ 1,060.00 |
| 9. | Melissa Doolan | $ 1,109.06 | $ 1,109.06 | $ 2,218.12 |
| 10. | Viraj Gani Achchige | $ 5,404.91 | $ 5,404.91 | $ 10,809.82 |
| 11. | Ranjith Hewagama | $ 6,107.41 | $ 6,107.41 | $ 12,214.82 |
| 12. | Gamini Ilandaridewa | $ 5,349.46 | $ 5,349.46 | $ 10,698.92 |
| 13. | Rajapaksh Withanamalage Jayanth Ashoka | $ 5,984.67 | $ 5,984.67 | $ 11,969.34 |
| 14. | Rupinder Kaur | $ 5,694.80 | $ 5,694.80 | $ 11,389.60 |
| 15. | Kalana Krishan | $ 2,466.45 | $ 2,466.45 | $ 4,932.90 |
| 16. | Rahul Kumar | $ 289.89 | $ 289.89 | $ 579.78 |
| 17. | Rajat Kumar | $ 2,995.52 | $ 2,995.52 | $ 5,991.04 |
| 18. | Sujeewa Lekamalage | $ 10,992.63 | $ 10,992.63 | $ 21,985.26 |
| 19. | Lakshija Majunkajuwa | $ 3,382.04 | $ 3,382.04 | $ 6,764.08 |
| 20. | Juan Pablo Arenas | $ 572.42 | $ 572.42 | $ 1,144.84 |
| 21. | Harischandra Pahalawattage | $ 10,992.62 | $ 10,992.62 | $ 21,985.24 |
| 22. | Boddkia Pathkanucolle Cedara | $ 469.81 | $ 469.81 | $ 939.62 |

| | | | | |
|---|---|---|---|---|
| 23. | Kumar Ramesh | $ 1,057.06 | $ 1,057.06 | $ 2,114.12 |
| 24. | Sameera Sandun | $ 2,419.48 | $ 2,419.48 | $ 4,838.96 |
| 25. | Samara Sinhege Saranga Shamal | $ 4,248.61 | $ 4,248.61 | $ 8,497.22 |
| 26. | Amarjit Singh | $ 6,892.16 | $ 6,892.16 | $ 13,784.32 |
| 27. | Balwinder Singh | $ 7,798.44 | $ 7,798.44 | $ 15,596.88 |
| 28. | Davinder Singh | $ 6,107.42 | $ 6,107.42 | $ 12,214.84 |
| 29. | Gagan Deep Singh | $ 6,564.45 | $ 6,564.45 | $ 13,128.90 |
| 30. | Harpal Singh | $ 6,564.45 | $ 6,564.45 | $ 13,128.90 |
| 31. | Harpreet Singh | $ 7,153.00 | $ 7,153.00 | $ 14,306.00 |
| 32. | Inder Singh | $ 4,932.91 | $ 4,932.91 | $ 9,865.82 |
| 33. | Karanjit Singh | $ 4,052.09 | $ 4,052.09 | $ 8,104.18 |
| 34. | Lovepreet Singh | $ 6,516.50 | $ 6,516.50 | $ 13,033.00 |
| 35. | Ranjeet Singh | $ 773.04 | $ 773.04 | $ 1,546.08 |
| 36. | Ravinder Singh | $ 1,526.85 | $ 1,526.85 | $ 3,053.70 |
| 37. | Suhkdev Singh | $ 4,696.40 | $ 4,696.40 | $ 9,392.80 |
| 38. | Suhkwinder Singh | $ 1,057.05 | $ 1,057.05 | $ 2,114.10 |
| 39. | Sukhchain Singh | $ 1,526.85 | $ 1,526.85 | $ 3,053.70 |
| 40. | Surinder Singh | $ 7,798.45 | $ 7,798.45 | $ 15,596.90 |
| 41. | Buddika Sooliyapperuma | $ 939.60 | $ 939.60 | $ 1,879.20 |
| 42. | Pa Udaya Anlisha | $ 1,526.85 | $ 1,526.85 | $ 3,053.70 |
| 43. | Ingrid Uguarte | $ 6,564.45 | $ 6,564.45 | $ 13,128.90 |
| 44. | Luis Vasquez | $ 6,892.15 | $ 6,892.15 | $ 13,784.30 |
| 45. | Jeewan Yaddehi Arachchige | $ 7,798.44 | $ 7,798.44 | $ 15,596.88 |
| **TOTAL** | | **$185,719.87** | **$185,719.87** | **$371,439.74** |

**EXHIBIT B**
**Payment Schedule**

| No. | Date Due | Amount Type | Principal Amount | Post-Judgment Interest Due | TOTAL DUE |
|---|---|---|---|---|---|
| 1. | 20 days from date of entry of Judgment | Liquidated Damages | $185,719.87 | $0.00 | $305,000.00 |
|  |  | Back Wages | $119,280.13 |  |  |
| 2. | 06/15/2020 | Back Wages | $13,243.70 | $110.75 | $13,354.45 |
| 3. | 07/15/2020 | Back Wages | $13,265.77 | $88.68 | $13,354.45 |
| 4. | 08/15/2020 | Back Wages | $13,287.88 | $66.57 | $13,354.45 |
| 5. | 09/15/2020 | Back Wages | $13,310.04 | $44.41 | $13,354.45 |
| 6. | 010/15/2020 | Back Wages | $13,332.35 | $22.22 | $13,354.57 |
| 7. | 011/15/2020 | Civil Money Penalties | $14,424.72 | $24.04 | $14,448.76 |
| 8. | 12/15/2020 | Civil Money Penalties | $14,436.72 | $12.02 | $14,448.74 |
| TOTALS |  |  | $400,301.18 | $368.69 | $400,669.87 |

**EXHIBIT C**
**Notice to Employees - English**

Bachan Singh, Brenda Singh, Broadway Mart Corp., LJR Singh Corp., B&J Singh Corp., Jessica 2558, Inc., and Brenda 52 Food Mart, Inc. (together, "Bachan Singh, Brenda Singh, and the Convenience Store Defendants") have settled a lawsuit with the U.S. Department of Labor and entered into a settlement agreement pertaining to their employees.  The settlement agreement has been approved by a judge and pertains to the following store locations:

- Valero: 828 Broadway, Newburgh, NY;
- Gulf: 68 Old Temple Rd., New Windsor, NY;
- Sunoco Food Mart: 2215 Route 52, Pine Bush, NY;
- Sunoco Food: 3600 Route 9W, Highland, NY;
- Conoco: 42 South Plank Rd., Newburgh, NY;
- Sunoco: 510 Broadway, Newburgh, NY;
- Gulf Quick Mart: 515 Broadway, Newburgh, NY;
- Discount Beer & Smoke Shop: 779 Route 211 E., Middletown, NY;
- Family Wine & Liquor: 779 Route 211 E., Middletown, NY;
- Valero: 2558 South Ave., Wappingers Falls, NY;
- Valero: 909 Route 52, Fishkill, NY.

Under the settlement agreement, Bachan Singh, Brenda Singh, and the Convenience Store Defendants will pay the U.S. Department of Labor back wages for certain current and former employees who worked at their convenience stores from 07/27/2017 through 12/31/2018, and the Department of Labor will distribute the back wages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for Bachan Singh, Brenda Singh, the Convenience Store Defendants, or any person acting on their behalf, to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor.  Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (845) 313-0107. Your name will be kept confidential to the maximum extent permitted by law.

EXHIBIT C / ऐग्ज़िबिट **C**

**Notice to Employees — Hindi / कर्मचारियों को नोटिस – हिंदी**

Bachan Singh, Brenda Singh, Broadway Mart Corp., LJR Singh Corp., B&J Singh Corp., Jessica 2558, Inc., और Brenda 52 Food Mart, Inc. (इकट्ठे बचाव पक्ष "Bachan Singh, Brenda Singh, और सुविधा स्टोर बचाव पक्ष")     अमेरिकी श्रम विभाग (U.S. Department of Labor) के साथ मुकदमा तय कर लिया है और अपने कर्मचारियों से संबंधित समझौता कर लिया है। निपटान समझौते को एक न्यायाधीश द्वारा अनुमोदित किया गया है और निम्नलिखित स्टोर स्थानों से संबंधित है:

- Valero: 828 Broadway, Newburgh, NY;
- Gulf: 68 Old Temple Rd., New Windsor, NY;
- Sunoco Food Mart: 2215 Route 52, Pine Bush, NY;
- Sunoco Food: 3600 Route 9W, Highland, NY;
- Conoco: 42 South Plank Rd., Newburgh, NY;
- Sunoco: 510 Broadway, Newburgh, NY;
- Gulf Quick Mart: 515 Broadway, Newburgh, NY;
- Discount Beer & Smoke Shop: 779 Route 211 E., Middletown, NY;
- Family Wine & Liquor: 779 Route 211 E., Middletown, NY;
- Valero: 2558 South Ave., Wappingers Falls, NY;
- Valero: 909 Route 52, Fishkill, NY.

निपटान समझौते के तहित Bachan Singh, Brenda Singh, और सुविधा स्टोर बचाव पक्ष, कुछ वर्तमान और पूर्व कर्मचारियों के लिए अमेरिकी श्रम विभाग मजदूरी का भुगतान करेंगे, जिन्होंने 12/31/2018 को 07/27/2017 से अपने सुविधा स्टोर पर काम किया था, और श्रम विभाग सीधे कर्मचारियों को वापस मजदूरी वितरित करेगा।

आपके पास किसी भी बकाया मज़दूरी (करों के बाद) की पूरी राशि प्राप्त करने और आपके द्वारा बकाया हरजाने का नुकसान प्राप्त करने का अधिकार है। Bachan Singh, Brenda Singh, सुविधा स्टोर बचाव पक्ष, या कोई भी व्यक्ति जो उनकी तरफ़ से कार्य करता है, के लिए इस धन को वापस मांगना या आपको निपटान से धन प्राप्त करने के लिए अपने वर्तमान या भविष्य के वेतन के छोड़ने के लिए कहना कानून के खिलाफ़ है।

आप फेयर लेबर स्टैंडर्ड्स एक्ट (Fair Labor Standards Act, FLSA) द्वारा सुरक्षित हैं, और आपके नियोक्ता द्वारा आपको नौकरी से निकालना, इमीग्रेशन को आपके प्रति सूचित करना, किसी भी ढंग से आपके खिलाफ़ जवाबी कार्यवाही करना, या अमेरिकी श्रम विभाग के साथ बंदोबस्त ते तहित समझौते के पैसे स्वीकार करना या आपको भुगतान किए हुए पैसे को वापिस करने से इनकार करने कि लिए इनमें से कुछ भी करने की धमकी देना कानून के खिलाफ़ है। आपके नियोक्ता को अमेरिकी श्रम विभाग को जानकारी प्रदान करने और/या आपके द्वारा काम किए गए घंटों के लिए न्यूनतम वेतन या ओवरटाइम प्राप्त नहीं करने की शिकायत करने के लिए आपके खिलाफ़ प्रतिशोध लेने पर भी प्रतिबंध है। आपके नियोक्ता को काम किए गए सभी घंटों के लिए कर्मचारियों का भुगतान करना होगा, जिसमें कर्मचारी के नियमित वेतन भुगतान की दर से कम से कम 1.5 गुना की दर से कार्यस्थल में 40 से अधिक घंटे के लिए काम करना शामिल है।

यदि आप एक कर्मचारी हैं और आपके द्वारा काम किए गए सभी घंटों के लिए भुगतान नहीं किया जाता है, आपके द्वारा काम किए जाने वाले सभी घंटों के लिए न्यूनतम वेतन का भुगतान नहीं किया जाता है, ओवरटाइम का भुगतान नहीं किया जाता है, यदि आपको अपने निपटान के पैसे वापस करने के लिए कहा गया है, यदि आपके खिलाफ़ प्रतिशोध लिया गया है, या यदि आपको अपनी संपर्क जानकारी अपडेट करने की आवश्यकता है, तो कृपया अमेरिकी श्रम विभाग को (845) 313-0107 पर कॉल करें। आपका नाम कानून द्वारा अनुमत अधिकतम सीमा तक गोपनीय रखा जाएगा।

# Exhibit C / පුද්ගලිකය C

Notice to Employees: Sinhalese /සේවකයින්ට දැන්වීම – සිංහල

Bachan Singh, Brenda Singh, Broadway Mart Corp., LJR Singh Corp., B&J Singh Corp., Jessica 2558, Inc., සහ Brenda 52 Food Mart, Inc. (එක්ව, "Bachan Singh, Brenda Singh, සහ Convenience Store වගඋත්තරකරුවන්") විසින් U.S. Department of Labor සමග නඩුවක් බෙරුම් කර ගෙන ඇති අතර ඔවුන්ගේ සේවකයින්ට අදාල බෙරුම්කරණ ගිවිසුමකට එළඹ ඇත. බෙරුම්කරණ ගිවිසුම විනිසුරුවරයෙකු විසින් අනුමත කර ඇති අතර පහත සඳහන් වෙළඳායතනවලට අදාල වේ:

- Valero: 828 Broadway, Newburgh, NY;
- Gulf: 68 Old Temple Rd., New Windsor, NY;
- Sunoco Food Mart: 2215 Route 52, Pine Bush, NY;
- Sunoco Food: 3600 Route 9W, Highland, NY;
- Conoco: 42 South Plank Rd., Newburgh, NY;
- Sunoco: 510 Broadway, Newburgh, NY;
- Gulf Quick Mart: 515 Broadway, Newburgh, NY;
- Discount Beer & Smoke Shop: 779 Route 211 E., Middletown, NY;
- Family Wine & Liquor: 779 Route 211 E., Middletown, NY;
- Valero: 2558 South Ave., Wappingers Falls, NY;
- Valero: 909 Route 52, Fishkill, NY.

බෙරුම්කරණ ගිවිසුම යටතේ, Bachan Singh, Brenda Singh සහ Convenience Store වගඋත්තරකරුවන් විසින් 2017/07/27 දින සිට 2018/12/31 වන දින දක්වා ඔවුන්ගේ Convenience Store වෙළඳායතනවල සේවය කළ ඇතැම් වර්තමාන සහ හිටපු සේවකයින් සඳහා වන වෙතන U.S. Department of Labor වෙත ආපසු ගෙවනු ලබන අතර, Department of Labor විසින් එම ආපසු ගෙවූ වෙතන කෙලින්ම සේවකයින්ට බෙදා දෙනු ඇත.

ඕනෑම ආපසු ගෙවන වෙතනයක සම්පූර්ණ මුදල (බදුවලින් පසු) සහ ඔබට හිමි බැංකොලොත් හානි ලබා ගැනීමට ඔබට අයිතියක් ඇත. Bachan Singh, Brenda Singh සහ Convenience Store වගඋත්තරකරුවන්, හෝ ඔවුන් වෙනුවෙන් ක්‍රියා කරන ඕනෑම අයෙකු විසින් මෙම මුදල් ආපසු ඉල්ලා සිටීම හෝ බෙරුම්කරණයෙන් මුදල් ලබා ගැනීම සඳහා ඔබේ වර්තමාන හෝ අනාගත වැටුප් අත්හරින ලෙස ඉල්ලා සිටීම නීතියට පටහැනි ය.

Fair Labor Standards Act (FLSA) මගින් ඔබ ආරක්ෂා කර ඇති අතර, ඔබේ සේවායෝජකයා විසින් ඔබ සේවයෙන් පහ කිරීම, ඔබ පිළිබඳව ආගමන අංශයට වාර්තා කිරීම, ඔබට එරෙහිව ඕනෑම ආකාරයකින් පළිගැනීම, හෝ බෙරුම්කරණයේ මුදල් පිළිගැනීම හෝ U.S. Department of Labor සමග ඇති කරගත් බෙරුම්කරණයේ කොටසක් ලෙස ඔබට ගෙවනු ලද මුදල් ආපසු ලබා දීම ප්‍රතික්ෂේප කිරීම හේතුවෙන් ඵ්වැ්ඩ යමක කරන බවට තර්ජනය කිරීම නීතියට පටහැනි වේ. U.S. Department of Labor වෙත තොරතුරු සැපයීම සහ/හෝ අවම වැටුප හෝ ඔබ වැඩ කළ පැය ගණන සඳහා අතිකාල දීමනා නොලැබීම ගැන පැමිණිලි කිරීම සම්බන්ධව ඔබගෙන් පළිගැනීම ඔබේ සේවායෝජකයාට තහනම් කර ඇත. වැඩ සතියක පැය 40ට වඩා වැඩි කළ සෑම පැය ගණනක් සඳහා සේවකයාගේ සාමාන්‍ය වැටුප් අනුපාතය මෙන් අඩු තරමින් 1.5 ගුණයක අතිකාල දීමනා ඇතුළුව, ඔබේ සේවායෝජකයා විසින් සේවකයන් වැඩ සියලුම පැය ගණන් සඳහා ගෙවිය යුතුය.

ඔබ සේවකයෙකු නම් සහ ඔබ වැඩ කළ සියලුම පැය ගණන් සඳහා වැටුප් තොගෙවෙන්තේ නම්, ඔබ වැඩ කරන සියලුම පැය ගණන අවම වෙතනය තොගෙවෙන්තේ නම්, අතිකාල දීමනා තොගෙවෙන්තේ නම්, ඔබේ බෙරුම්කරණ මුදල් ආපසු දෙන ලෙස ඔබෙන් ඉල්ලා තිබේ නම්, ඔබෙන් පළිගැනීමක් කර තිබේ නම්, හෝ ඔබට ඔබේ සම්බන්ධක තොරතුරු යාවත්කාලීන කිරීමට අවශ්‍ය නම්, කරුණාකර U.S. Department of Labor (845) 313-0107 අමතන්න. නීතියෙන් අවසර දී ඇති උපරිම දුරට ඔබගේ නම රහසිගතව තබා ගනු ඇත.

## EXHIBIT C / ਐਗਜ਼ੀਬਿਟ C
### Notice to Employees – Punjabi/ ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਨੋਟਿਸ ਪੰਜਾਬੀ

Bachan Singh, Brenda Singh, Broadway Mart Corp., LJR Singh Corp., B&J Singh Corp., Jessica 2558, Inc., ਅਤੇ Brenda 52 Food Mart, Inc. (ਇਕੱਠੇ, "Bachan Singh, Brenda Singh, ਅਤੇ ਸੁਵਿਧਾ ਸਟੋਰ ਬਚਾਓ ਪੱਖ") ਨੇ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ (U.S. Department of Labor) ਨਾਲ ਮੁਕੱਦਮਾ ਤੈਅ ਕਰ ਲਿਆ ਹੈ ਅਤੇ ਆਪਣੇ ਕਰਮਚਾਰੀਆਂ ਨਾਲ ਸਬੰਧਤ ਸਮਝੌਤਾ ਕਰ ਲਿਆ ਹੈ। ਨਿਪਟਾਰਾ ਸਮਝੌਤੇ ਨੂੰ ਇੱਕ ਜੱਜ ਦੁਆਰਾ ਪ੍ਰਵਾਨਗੀ ਦਿੱਤੀ ਗਈ ਹੈ ਅਤੇ ਹੇਠਾਂ ਦਿੱਤੇ ਸਟੋਰ ਸਥਾਨਾਂ ਨਾਲ ਸਬੰਧਤ ਹੈ:

- Valero: 828 Broadway, Newburgh, NY;
- Gulf: 68 Old Temple Rd., New Windsor, NY;
- Sunoco Food Mart: 2215 Route 52, Pine Bush, NY;
- Sunoco Food: 3600 Route 9W, Highland, NY;
- Conoco: 42 South Plank Rd., Newburgh, NY;
- Sunoco: 510 Broadway, Newburgh, NY;
- Gulf Quick Mart: 515 Broadway, Newburgh, NY;
- Discount Beer & Smoke Shop: 779 Route 211 E., Middletown, NY;
- Family Wine & Liquor: 779 Route 211 E., Middletown, NY;
- Valero: 2558 South Ave., Wappingers Falls, NY;
- Valero: 909 Route 52, Fishkill, NY.

ਨਿਪਟਾਰਾ ਸਮਝੌਤੇ ਦੇ ਤਹਿਤ Bachan Singh, Brenda Singh, ਅਤੇ ਸੁਵਿਧਾ ਸਟੋਰ ਬਚਾਓ ਪੱਖ, ਕੁਝ ਮੌਜੂਦਾ ਅਤੇ ਸਾਬਕਾ ਕਰਮਚਾਰੀਆਂ ਲਈ, ਜੋ ਕਿ ਆਪਣੇ ਸੁਵਿਧਾ ਸਟੋਰਾਂ 'ਤੇ ਕੰਮ ਕਰਦੇ ਹਨ, ਲਈ ਮਿਤੀ 07/27/2017 ਤੋਂ 12/31/2018 ਤੱਕ, ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ (U.S. Department of Labor) ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਵਾਪਸ ਤਨਖਾਹ ਦੇਣਗੇ, ਅਤੇ ਕਿਰਤ ਵਿਭਾਗ ਪਿਛਲੀ ਤਨਖਾਹ ਸਿੱਧੇ ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਵੰਡ ਦੇਵੇਗਾ।

ਤੁਹਾਡੇ ਕੋਲ ਕਿਸੇ ਵੀ ਪਿਛਲੀ ਤਨਖਾਹ ਦੀ ਪੂਰੀ ਰਕਮ (ਟੈਕਸਾਂ ਦੇ ਬਾਅਦ) ਪ੍ਰਾਪਤ ਕਰਨ ਅਤੇ ਤੁਹਾਡੇ ਤੋਂ ਬਕਾਇਆ ਹਰਜਾਨੇ ਦਾ ਨੁਕਸਾਨ ਪ੍ਰਾਪਤ ਕਰਨ ਦਾ ਅਧਿਕਾਰ ਹੈ। Bachan Singh, Brenda Singh, ਸੁਵਿਧਾ ਸਟੋਰ ਬਚਾਓ ਪੱਖ, ਜਾਂ ਉਨ੍ਹਾਂ ਦੀ ਤਰਫੋਂ ਕੰਮ ਕਰਨ ਵਾਲੇ ਕਿਸੇ ਵੀ ਵਿਅਕਤੀ ਲਈ ਇਹ ਪੈਸੇ ਵਾਪਸ ਮੰਗਣ ਲਈ ਕਹਿਣਾ, ਜਾਂ ਤੁਹਾਨੂੰ ਨਿਪਟਾਰੇ ਤੋਂ ਪੈਸੇ ਪ੍ਰਾਪਤ ਕਰਨ ਲਈ ਆਪਣੀ ਮੌਜੂਦਾ ਜਾਂ ਭਵਿੱਖ ਦੀਆਂ ਤਨਖਾਹਾਂ ਦੇਣ ਲਈ ਕਹਿਣਾ ਕਾਨੂੰਨ ਦੇ ਵਿਰੁੱਧ ਹੈ।

ਤੁਸੀਂ ਫੇਅਰ ਲੇਬਰ ਸਟੈਂਡਰਡਜ਼ ਐਕਟ (Fair Labor Standards Act, FLSA) ਦੁਆਰਾ ਸੁਰੱਖਿਅਤ ਹੋ, ਅਤੇ ਤੁਹਾਡੇ ਮਾਲਕ ਦੁਆਰਾ ਤੁਹਾਨੂੰ ਨੌਕਰੀ ਤੋਂ ਕੱਢਣਾ, ਇਮੀਗ੍ਰੇਸ਼ਨ ਨੂੰ ਤੁਹਾਡੇ ਬਾਰੇ ਰਿਪੋਰਟ ਕਰਨਾ, ਕਿਸੇ ਵੀ ਤਰੀਕੇ ਨਾਲ ਤੁਹਾਡੇ ਵਿਰੁੱਧ ਜਵਾਬੀ ਕਾਰਵਾਈ ਕਰਨਾ, ਜਾਂ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ ਦੇ ਨਾਲ ਬੰਦੋਬਸਤ ਦੇ ਤਹਿਤ ਸਮਝੌਤੇ ਦੇ ਪੈਸੇ ਸਵੀਕਾਰ ਕਰਨ ਜਾਂ ਤੁਹਾਨੂੰ ਦੇ ਭੁਗਤਾਨ ਕੀਤੇ ਪੈਸੇ ਨੂੰ ਵਾਪਸ ਕਰਨ ਤੋਂ ਇਨਕਾਰ ਕਰਨ ਲਈ ਇਨ੍ਹਾਂ ਵਿੱਚੋਂ ਕੁਝ ਵੀ ਕਰਨ ਦੀ ਧਮਕੀ ਦੇਣਾ ਕਾਨੂੰਨ ਦੇ ਵਿਰੁੱਧ ਹੈ। ਤੁਹਾਡੇ ਮਾਲਕ ਨੂੰ ਤੁਹਾਡੇ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ ਨੂੰ ਜਾਣਕਾਰੀ ਪ੍ਰਦਾਨ ਕਰਨ ਅਤੇ/ਜਾਂ ਤੁਹਾਡੇ ਦੁਆਰਾ ਕੰਮ ਕੀਤੇ ਘੰਟਿਆਂ ਲਈ ਘੱਟ ਮਿਹਨਤਾਨਾ ਜਾਂ ਓਵਰਟਾਈਮ ਨਾ ਮਿਲਣ ਬਾਰੇ ਸ਼ਿਕਾਇਤ ਕਰਨ ਲਈ ਤੁਹਾਡੇ ਵਿਰੁੱਧ ਬਦਲਾ ਲੈਣ ਤੋਂ ਵੀ ਮਨਾਹੀ ਹੈ। ਤੁਹਾਡੇ ਰੁਜ਼ਗਾਰਦਾਤਾ ਲਈ ਕੰਮ ਕੀਤੇ ਗਏ ਸਾਰੇ ਘੰਟਿਆਂ ਲਈ ਕਰਮਚਾਰੀਆਂ ਨੂੰ ਭੁਗਤਾਨ ਕਰਨਾ ਲਾਜ਼ਮੀ ਹੈ, ਜਿਸ ਵਿੱਚ ਕਰਮਚਾਰੀ ਦੇ ਨਿਯਮਿਤ ਭੁਗਤਾਨ ਦੀ ਦਰ ਤੋਂ ਘੱਟੋ-ਘੱਟ 1.5 ਗੁਣਾ ਦੀ ਦਰ ਨਾਲ 40 ਤੋਂ ਵੱਧ ਘੰਟੇ ਕੰਮ ਕਰਨਾ ਸ਼ਾਮਲ ਹੈ।

ਜੇ ਤੁਸੀਂ ਕਰਮਚਾਰੀ ਹੋ ਅਤੇ ਤੁਹਾਡੇ ਕੰਮ ਕੀਤੇ ਸਾਰੇ ਘੰਟਿਆਂ ਲਈ ਅਦਾਇਗੀ ਨਹੀਂ ਕੀਤੀ ਜਾਂਦੀ, ਜਿੰਨੇ ਘੰਟੇ ਤੁਸੀਂ ਕੰਮ ਕਰਦੇ ਹੋ, ਲਈ ਘੱਟੋ-ਘੱਟ ਤਨਖਾਹ ਨਹੀਂ ਦਿੱਤੀ ਜਾਂਦੀ, ਓਵਰਟਾਈਮ ਨਹੀਂ ਦਿੱਤਾ ਜਾਂਦਾ, ਜੇ ਤੁਹਾਨੂੰ ਆਪਣੇ ਬੰਦੋਬਸਤ ਦੇ ਪੈਸੇ ਵਾਪਸ ਕਰਨ ਲਈ ਕਿਹਾ ਗਿਆ ਹੈ, ਜੇ ਤੁਹਾਡੇ ਵਿਰੁੱਧ ਜਵਾਬੀ ਕਾਰਵਾਈ ਕੀਤੀ ਗਈ ਹੈ, ਜਾਂ ਜੇ ਤੁਹਾਨੂੰ ਆਪਣੀ ਸੰਪਰਕ ਜਾਣਕਾਰੀ ਨੂੰ ਅਪਡੇਟ ਕਰਨ ਦੀ ਜ਼ਰੂਰਤ ਹੈ, ਤਾਂ ਕਿਰਪਾ ਕਰਕੇ (845) 313-0107 'ਤੇ ਅਮਰੀਕੀ ਕਿਰਤ ਵਿਭਾਗ ਨੂੰ ਕਾਲ ਕਰੋ। ਤੁਹਾਡਾ ਨਾਮ ਕਾਨੂੰਨ ਦੁਆਰਾ ਪ੍ਰਵਾਨਤ ਅਧਿਕਤਮ ਹੱਦ ਤੱਕ ਗੁਪਤ ਰੱਖਿਆ ਜਾਵੇਗਾ।

24

Case 7:20-cv-03223-NSR Document 11 Filed 05/05/20 Page 25 of 27

# EMPLOYEE RIGHTS
## UNDER THE FAIR LABOR STANDARDS ACT

## FEDERAL MINIMUM WAGE
# $7.25 PER HOUR
### BEGINNING JULY 24, 2009

**The law requires employers to display this poster where employees can readily see it.**

**OVERTIME PAY**
At least 1½ times the regular rate of pay for all hours worked over 40 in a workweek.

**CHILD LABOR**
An employee must be at least 16 years old to work in most non-farm jobs and at least 18 to work in non-farm jobs declared hazardous by the Secretary of Labor. Youths 14 and 15 years old may work outside school hours in various non-manufacturing, non-mining, non-hazardous jobs with certain work hours restrictions. Different rules apply in agricultural employment.

**TIP CREDIT**
Employers of "tipped employees" who meet certain conditions may claim a partial wage credit based on tips received by their employees. Employers must pay tipped employees a cash wage of at least $2.13 per hour if they claim a tip credit against their minimum wage obligation. If an employee's tips combined with the employer's cash wage of at least $2.13 per hour do not equal the minimum hourly wage, the employer must make up the difference.

**NURSING MOTHERS**
The FLSA requires employers to provide reasonable break time for a nursing mother employee who is subject to the FLSA's overtime requirements in order for the employee to express breast milk for her nursing child for one year after the child's birth each time such employee has a need to express breast milk. Employers are also required to provide a place, other than a bathroom, that is shielded from view and free from intrusion from coworkers and the public, which may be used by the employee to express breast milk.

**ENFORCEMENT**
The Department has authority to recover back wages and an equal amount in liquidated damages in instances of minimum wage, overtime, and other violations. The Department may litigate and/or recommend criminal prosecution. Employers may be assessed civil money penalties for each willful or repeated violation of the minimum wage or overtime pay provisions of the law. Civil money penalties may also be assessed for violations of the FLSA's child labor provisions. Heightened civil money penalties may be assessed for each child labor violation that results in the death or serious injury of any minor employee, and such assessments may be doubled when the violations are determined to be willful or repeated. The law also prohibits retaliating against or discharging workers who file a complaint or participate in any proceeding under the FLSA.

**ADDITIONAL INFORMATION**
- Certain occupations and establishments are exempt from the minimum wage, and/or overtime pay provisions.
- Special provisions apply to workers in American Samoa, the Commonwealth of the Northern Mariana Islands, and the Commonwealth of Puerto Rico.
- Some state laws provide greater employee protections; employers must comply with both.
- Some employers incorrectly classify workers as "independent contractors" when they are actually employees under the FLSA. It is important to know the difference between the two because employees (unless exempt) are entitled to the FLSA's minimum wage and overtime pay protections and correctly classified independent contractors are not.
- Certain full-time students, student learners, apprentices, and workers with disabilities may be paid less than the minimum wage under special certificates issued by the Department of Labor.



**WHD**
**WAGE AND HOUR DIVISION**
UNITED STATES DEPARTMENT OF LABOR

**1-866-487-9243**
TTY: 1-877-889-5627
**www.dol.gov/whd**

EXHIBIT D

WH1088   REV 07/16



**U.S. Department of Labor**
Wage and Hour Division

U.S. Wage and Hour Division

(Revised October 2019)

# Fact Sheet #23: Overtime Pay Requirements of the FLSA

This fact sheet provides general information concerning the application of the <u>overtime pay</u> provisions of the <u>FLSA</u>.

**Characteristics**

An employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work.

**Requirements**

Unless specifically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number of hours employees aged 16 and older may work in any workweek. The Act does not require <u>overtime pay</u> for work on Saturdays, Sundays, holidays, or regular days of rest, as such.

The Act applies on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- seven consecutive 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of the day. Different workweeks may be established for different employees or groups of employees. Averaging of hours over two or more weeks is not permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day for the pay period in which the wages were earned.

The regular rate of pay cannot be less than the <u>minimum wage</u>. The regular rate includes all remuneration for employment except certain payments excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses incurred on the employer's behalf, premium payments for overtime work or the true premiums paid for work on Saturdays, Sundays, and holidays, discretionary bonuses, gifts and payments in the nature of gifts on special occasions, and payments for occasional periods when no work is performed due to vacation, holidays, or illness.

Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions noted above) in any workweek by the total number of hours actually worked.

Where an employee in a single workweek works at two or more different types of work for which different straight-time rates have been established, the regular rate for that week is the weighted average of such rates. That is, the earnings from all such rates are added together and this total is then divided by the total number of hours worked at all jobs. In addition, section 7(g)(2) of the FLSA allows, under specified conditions, the computation of overtime pay based on one and one-half times the hourly rate in effect when the overtime work is performed. The requirements for computing overtime pay pursuant to section 7(g)(2) are prescribed in <u>29 CFR 778.415</u> through <u>778.421</u>.

EXHIBIT E

Where non-cash payments are made to employees in the form of goods or facilities, the reasonable cost to the employer or fair value of such goods or facilities must be included in the regular rate.

**Typical Problems**

Fixed Sum for Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium even though the amount of money paid is equal to or greater than the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work overtime on Sunday will qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the employees always work less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour regardless of the time actually spent for work on a job performed during overtime hours, the entire $78.00 must be included in determining the employees' regular rate.

Salary for Workweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge FLSA statutory obligations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. In this instance the regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $9.00. The employee is then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate of pay ($4.50 x 5 = $22.50).

Overtime Pay May Not Be Waived: The overtime requirement may not be waived by agreement between the employer and employees. An agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the test of FLSA compliance. An announcement by the employer that no overtime work will be permitted, or that overtime work will not be paid for unless authorized in advance, also will not impair the employee's right to compensation for compensable overtime hours that are worked.

**Where to Obtain Additional Information**

**For additional information, visit our Wage and Hour Division Website: http://www.wagehour.dol.gov and/or call our toll-free information and helpline, available 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).**

This publication is for general information and is not to be considered in the same light as official statements of position contained in the regulations.

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

**1-866-4-USWAGE**
TTY: 1-866-487-9243
**Contact Us**